■ JULIETTE SHULOF FURS, INC., Respondent, v S & M BAUMAN FUR TRADING CORP., Defendant, and SHELDON BAUMAN, Appellant.—Order, Supreme Court, New York County (Myriam Altman, J.), entered March 11, 1988, which granted plaintiff's motion for a default judgment and directed an inquest, unanimously reversed, without costs, on the law, plaintiff's motion denied and the matter remanded to IAS Part 14 for further proceedings consistent herewith.

In this action to recover on promissory notes for an indebtedness owed by defendants to plaintiff on the purchase of fur goods and for fraud, defendants moved to strike allegedly scandalous and prejudicial material from the complaint pursuant to CPLR 3024 (b). Defendants' motion was made returnable on April 23, 1987 but was set down for a hearing on May 5, 1987, at which time the court signed an order marking it off calendar for failure of both sides to appear.

In December 1987, plaintiff brought a motion for an order "declaring the defendants in default for failure to answer the

complaint" and directing that an inquest be held. In an opinion dated January 29, 1988, the court granted the motion for failure to serve an answer. The court reasoned that any extension of defendants' time within which to answer occasioned by their motion to strike (CPLR 3024 [c]) was terminated by the marking of the application "off calendar".

It is not clear that marking the motion to strike off the calendar was intended to operate as a denial of defendants' application pursuant to CPLR 2216 (a). Even if it is assumed that this is the effect of the order, CPLR 3024 (c) expressly provides that any "responsive pleading shall be served within ten days after service of notice of entry of the order". In his affirmation in opposition to plaintiff's motion for a default judgment, defendants' counsel states that no order entered upon the motion to strike has ever been served. Plaintiff does not dispute this or any other fact, having chosen not to file a brief and to rest on the record. Therefore, defendants' time to answer may not be said to have expired.

Because CPLR 2216 (a) mandates denial of a motion where the movant defaults in appearance, defendants' motion to strike scandalous and prejudicial matter pursuant to CPLR 3024 (b) is deemed to have been denied. Defendants are directed to file an answer within 10 days after service of a copy of this order with notice of entry. Concur—Murphy, P. J., Kupferman, Ross, Ellerin and Rubin, JJ.